DJW/byk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DIRECTV, INC.,**

        **Plaintiff,**

                        CIVIL ACTION

**v.**

                        No. 03-2281-GTV

**RANDALL D. PALLESEN,**

        **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration (doc. 90). Plaintiff seeks reconsideration of that portion of the Court's February 3, 2005 Memorandum and Order (doc. 87) in which the Court denied in part Plaintiff's Motion for Protective Order (doc. 76). Plaintiff also requests a stay of the effect of the Memorandum and Order, pending Rule 72(a) review by the District Court Judge. For the reasons set forth below, the Court will (1) grant in part and deny in part the Motion for Reconsideration, and (2) deny the request for stay.

**I.     Background Information**

In its February 3, 2005 Memorandum and Order the Court refused to enter the filing-under-seal provisions contained in paragraphs 6 and 7 of Plaintiff's proposed Protective Order. Those provisions would have allowed the parties to file under seal any "Confidential Material" covered by the Protective Order. The Court held that Plaintiff had failed to establish the requisite good cause for such provisions in that Plaintiff had failed to establish a public or private harm sufficient to overcome the public's right of

access to judicial records.[1]  The Court deleted the filing-under-seal provisions contained in paragraphs 6 and 7 of the proposed Protective Order.  In their place, the Court inserted the following provision:

> Any party who desires to file under seal any Confidential Material shall file a motion seeking leave to file under seal, identifying the particular document(s) sought to be filed under seal and setting forth specific facts that would satisfy the standards for sealing set forth in the Court's February 2, 2005 Memorandum and Order.[2]

## II.     Plaintiff's Motion for Reconsideration

### A.     Standard for Ruling on a Motion for Reconsideration

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[3]  The decision whether to grant a motion to reconsider is committed to the Court's sound discretion.[4]

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[5]  Nor is a motion to reconsider to be used as "a second chance when a party

---

[1] Mem. and Order (doc. 87) at p. 2.

[2] Protective Order filed February 3, 2005 (doc. 88), ¶ 6 at p. 3.

[3] The Tenth Circuit has adopted the same standard.  *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir. 1995).

[4] *Brumark,* 57 F.3d at 944; *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

[5] *Servants,* 204 F.3d at 1012; *Van Skiver v. U. S.*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Munjak v. Signator Investors, Inc.*, No. 02-2108-CM, 2004 WL 957898, at *1 (D. Kan. Jan. 9, 2004).

has failed to present it strongest case in the first instance."[6]  Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[7]

**B.     Analysis**

Plaintiff makes two arguments in support of reconsideration.  First, Plaintiff argues that the generic filing-under-seal provisions contained in paragraphs 6 and 7 of Plaintiff's proposed Protective Order should have been included in the Protective Order that was ultimately entered.  Second, Plaintiff argues that the provision the Court substituted for Plaintiff's proposed paragraphs 6 and 7 would allow Defendants to publicly file any "Confidential Material" without first seeking leave to file the material under seal.

*1.     Plaintiff's first argument in support of reconsideration*

Plaintiff argues that it has established a sufficient private harm to warrant sealing of certain settlement agreements that it has designated "Confidential Material" under the Protective Order.  Plaintiff therefore requests that the generic filing-under-seal provisions contained in paragraphs 6 and 7 of the proposed Protective Order be substituted for the provision entered by the Court.  In other words, the Protective Order should provide that any "Confidential Material" must be filed under seal and that no additional showing of good cause will be required before the Confidential Material is filed under seal.

The Protective Order, as proposed by Plaintiff and adopted by the Court, provides protection to a very broad class of documents.  The Protective Order applies to "Confidential Material" and defines that

---

[6]*Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003 (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[7]*Servants,* 204 F.3d at 1012.

term as "trade secrets, proprietary business or financial information or other confidential research, development or commercial information of [Plaintiff] DIRECTV, Inc."[8] Thus, the Protective Order covers a vast array of documents—and not just the settlement agreements that Plaintiff references in its Motion for Reconsideration.

Plaintiff has made no showing of any public or private harm that would justify the sealing of all of the documents that fall within the broad category of "Confidential Material." With respect to the settlement agreements, Plaintiff attempted to make a showing of private harm in its initial motion, but the Court did not find that showing sufficient. In its Motion for Reconsideration, Plaintiff provides some additional factual material and argument regarding the need to file the settlement documents under seal. As noted above, however, a motion to reconsider is not a second chance for the losing party to ask the Court to hear new arguments or consider supporting facts that could have been presented originally.[9] In any event, the Court does not find this additional factual information and argument sufficient to warrant sealing of any group of settlement agreements.

Furthermore, Plaintiff has not shown any intervening change in the controlling law, the availability of any new evidence, or the need to correct clear error or prevent manifest injustice. The Court will therefore deny the Motion for Reconsideration to the extent Plaintiff asks the Court to include in the Protective Order Plaintiff's proposed blanket filing-under-seal provisions.

---

[8]Protective Order (doc. 385), ¶ 6 at p. 1.

[9]*Servants,* 204 F.3d at 1012; *Van Skiver,* 952 F.2d at 1243 (10th Cir. 1991); *Munjak,* 2004 WL 957898, at *1 (D. Kan. Jan. 9, 2004).

The Court wishes to clarify that neither its initial ruling on the Motion for Protective Order nor the instant ruling on the Motion for Reconsideration prohibits any party from filing a motion for leave to file *a particular document or settlement agreement* under seal, at such time as the party determines the need to file such a document.[10]  Upon reviewing the arguments and information provided in such a motion, the Court would make a specific determination— based on the facts and circumstances present at that particular time—as to whether the particular document or settlement agreement warrants filing under seal.

### 2. *Plaintiff's second argument in support of reconsideration*

Plaintiff also seeks reconsideration of the Court's February 3, 2005 ruling to address Plaintiff's concerns that paragraph 6 of the Protective Order, as revised by the Court, would allow Defendants to file any "Confidential Material," including a protected settlement agreement, without first seeking leave to file it under seal.  Plaintiff is correct in asserting that this is possible under the current wording of paragraph 6 of the Protective Order.  Such an effect, however, was not intended by the Court.  The Court will therefore revise paragraph 6 of the Protective Order to read as follows:

> Any party who desires to file any Confidential Material shall file a motion seeking leave to file under seal, identifying the particular document(s) sought to be filed under seal and setting forth specific facts that would satisfy the standards for sealing set forth in the Court's February 3, 2005 Memorandum and Order (doc. 87).

As revised, any party seeking to file a document deemed "Confidential Material" under the Protective Order would first be *required* to file a motion seeking leave to file the document under seal. The Court believes this change in wording addresses Plaintiff's concern that a Defendant might publicly file

---

[10]Plaintiff indicates in his Motion for Reconsideration that "[a]t present, plaintiff does not anticipate the need to attach the settlement agreements to any public filings."  Pl.'s Mot. for Recons. at p. 4.

a settlement agreement or other "Confidential Material" protected by the Protective Order without even attempting to seek leave to file it under seal.

### C. Summary of Court's Ruling on Motion for Reconsideration

The Court will deny Plaintiff's Motion for Reconsideration to the extent Plaintiff asks the Court to reinstate the blanket filing-under-seal provisions contained in Plaintiff's proposed Protective Order. The Court will grant Plaintiff's Motion for Reconsideration to the extent that the Court will revise paragraph 6 of the Protective Order in the manner set forth above. The Court will issue a modified Protective Order containing this revision.

## III. Plaintiff's Request for Stay

Plaintiff requests that the Court stay the effect of its February 3, 2005 Memorandum and Order and the February 3, 2005 Protective Order, pending review by the District Court Judge of various objections Plaintiff plans to file pursuant to Rule 72(a). The Court will deny this request, as Plaintiff presents no justification for issuing such a stay. In fact, the Court finds that such a stay would leave the parties without *any* protective order prohibiting the disclosure of Confidential Material and would allow any party to use Confidential Material for any purpose whatsoever.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (doc. 90) is granted in part and denied in part, as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's request for a stay of the effect of the Court's February 3, 2005 Memorandum and Order (doc. 87) and Protective Order (doc. 88), pending Rule 72(a) review by the District Court Judge, is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 1st day of April 2005.

s/ David J. Waxse

David  J. Waxse  
United States Magistrate Judge

cc:     All counsel and *pro se* parties