DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DIRECTV, INC.,**

                      **Plaintiff,**              **Civil Action**

v.                                              **No. 03-2281-GTV**

**RANDALL D. PALLESEN,**

                      **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery (doc. 65). Plaintiff requests that the Court compel Defendant to provide amended or supplemental answers to Interrogatory Nos. 14-20 of Plaintiff's First Interrogatories to Defendant. For the reasons set forth below, Plaintiff's Motion to Compel Discovery is granted in part and denied in part.

**I.**    **Background Information**

According to the Pretrial Order entered in this case, this lawsuit "involves the surreptitious possession and use of illegal devices and equipment designed to intercept and decrypt [Plaintiff] DIRECTV's protected satellite communications, ultimately allowing for the free viewing of television programming."[1] Plaintiff alleges that Defendant "purchased, manufactured, assembled, modified, imported, distributed, possessed and/or sold, several Pirate Access Devices."[2] Such devices were designed to repair Access Cards that were rendered unusable by illegitimate use and/or designed to manipulate Plaintiff's

---

[1] Pretrial Order (doc. 69), ¶ 2.

[2] *Id.* at ¶ 5a.

access cards so as to allow Defendant to view Plaintiff's satellite television programming without paying for it, and are specifically designed for use with certain software further permitting the illegal programming of valid DIRECTV access devices.[3] Plaintiff further contends that Defendant intercepted, endeavored to intercept, procured other persons to intercept, disclosed, endeavored to disclose to any other person, used, endeavored to use, or converted, DIRECTV's encrypted satellite transmission of television programming.[4]

Defendant contends that his company, Vortex Data Systems ("Vortex"), purchased devices relating to smart card technology it was exploring at that time, but not for the purpose of intercepting Plaintiff's signal or programming. He claims that Vortex was involved in computer networking and smart card technology around the time the devices were purchased with a company credit card. The devices were of no use to Vortex or its customers and were discarded. Defendant contends that he did not intercept Plaintiff's satellite signal or programming, was not a DIRECTV subscriber when the devices were ordered and had no DIRECTV equipment to use in conjunction with the purchased devices to intercept Plaintiff's satellite signal.

Plaintiff served its First Interrogatories to Defendant on October 13, 2004.[5] Defendant served his responses thereto on November 12, 2004.[6] Plaintiff filed the instant Motion to Compel Discovery on December 17, 2004.

**II.     Failure to Attach the Referenced Interrogatories to its Motion to Compel Discovery**

---

[3]*Id.*

[4]*Id.*

[5]*See* Pl.'s Certificate of Service (doc. 39).

[6]*See* Def.'s Notice of Service of Disc. Resps. (doc. 47).

Defendant contends that Plaintiff's Motion to Compel does not comply with D. Kan. R. 37.1(a), which states that motions to compel discovery "shall be accompanied by copies of the notices of depositions, the portions of the interrogatories, requests or responses in dispute." Plaintiff urges the Court to deny the motion on this basis.

Plaintiff admits that it inadvertently failed to attach a copy of the interrogatories in dispute to its original motion to compel as required by D. Kan. Rule 37.1(a). Plaintiff has, however, attached a copy of the interrogatories as Exhibit A to its Reply Memorandum (doc. 78). Because Defendant was aware of the content of the interrogatories at the time Plaintiff filed its motion to compel, the Court will treat the copy of the Interrogatories attached as Exhibit A to Plaintiff's Reply Memorandum as if it was attached to Plaintiff's original motion, and will decline to deny the motion on this basis.

### III. Plaintiff's Motion to Compel Discovery

#### A. Defendant's Objections

Defendant asserts in its response to Plaintiff's Motion to Compel that Plaintiff's Interrogatory Nos. 14-20 were already answered in a deposition, and that asking the same questions again constitutes harassment. In support of his position, Defendant cites *Hampton v. Penn. R. Co.*,[7] in which the court refused to compel the defendant to submit to a second deposition, deeming it "harassment and an undue burden on the defendant without justification."[8] Plaintiff points out that the *Hampton* case cited by Defendant is inapposite insofar as it stands for the proposition that a witness cannot be *re-deposed* on questions that the witness's attorney precluded answers. Plaintiff further argues that Defendant failed to

---

[7] 30 F.R.D. 70 (D. Pa. 1962).

[8] *Id.*

3

object to Interrogatory Nos. 14-20, or any other interrogatories, as harassing and, therefore under Fed .R. Civ. P. 33(b)(4), he has waived any objection that the interrogatories are somehow improper.

The Court has reviewed Defendant's responses to Plaintiff's First Interrogatory Nos. 14 -20 and notes that Defendant's response to these interrogatories was either a short answer or "unknown." Defendant did not assert any objections in his responses to Interrogatory Nos. 14-20.

Federal Rule of Civil Procedure 33(b)(4) provides that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."[9] As Defendant has not provided any good cause for its failure to assert a timely objection, the Court will deem Defendant's objections to Plaintiff's Interrogatory Nos. 14-20 to be waived.

### B. Plaintiff's Assertion that Defendant Failed to Completely Answer Interrogatory No. 14

Plaintiff contends that Defendant's answer to Interrogatory No. 14 is "inadequate, evasive and incomplete," and asks the Court to compel Defendant to "fully answer" the question.

Plaintiff's Interrogatory No. 14 asks: "If you contend that you purchased and/or used any Unauthorized Access Device for any legitimate or legal purpose, please identify fully the basis for that contention and identify the purpose." Defendant answered the interrogatory by stating: "Security for computer keyboards." Plaintiff asserts that this answer is inadequate and evasive, because in his deposition testimony, Defendant answered that he didn't know why the devices were purchased. Because

---

[9] Fed. R. Civ. P. 33(b)(4).

4

Defendant's interrogatory answer differs from his deposition testimony, Plaintiff asks the Court to compel Defendant to give a "full and final explanation for the purchase of the device."[10]

The Court has reviewed Defendant's answer to Plaintiff's First Interrogatory No. 14, and finds that Defendant answered the interrogatory. Plaintiff has provided no basis for the Court to compel Defendant to provide a full and final explanation for the purchase or an explanation of why the interrogatory answer differed from his deposition testimony. Defendant's answer to Interrogatory No. 14 is adequate as stated. The Court will therefore deny Plaintiff's Motion to Compel Defendant to provide a more detailed answer to Interrogatory 14.

### C. Plaintiff's Assertion that Interrogatory Nos. 15-20 are Contention Interrogatories and Defendant's Answers are Evasive and Incomplete

Plaintiff asserts that Interrogatory Nos. 15-20 are contention interrogatories to "straighten out [Defendant's] defense(s) in this case, yet his answers are evasive and incomplete." Plaintiff asks the Court to compel "yes" or "no" answers to the first parts of Interrogatory Nos. 15-20, and compel Plaintiff to adequately explain his "yes" answers, as requested in the second parts of the interrogatories. Plaintiff contends that "unknown" is an insufficient answer.

Defendant's answers to Interrogatory Nos. 15-20 were all "unknown." Plaintiff asks the Court to compel Defendant to provide "yes" or "no" answers to them, in order to narrow the issues for trial and enable Plaintiff to determine the proof needed to rebut Defendant's position. Plaintiff claims Interrogatory Nos. 15-20 are all contention interrogatories, and Defendant should know what he is contending for trial purposes, so his "unknown" answers are evasive.

---

[10] Pl.s' Mot. to Compel Disc. (doc. 65), p. 2.

Federal Rule of Civil Procedure 33(c) expressly recognizes and permits the use of contention interrogatories. It provides that "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, . . ."[11] Generally, an interrogatory worded, "Do you contend . . ." would be considered a contention interrogatory.

Although Plaintiff argues that Interrogatory Nos. 15-20 are all contention interrogatories, it did not draft them as such. Interrogatory No. 15 asks:

> Please state whether you and/or Vortex Data and/or an employee or agent of Vortex Data purchased one or more unloopers in May 2001 from Mark McHugh d/b/a Canadian Security and Technology a/k/a CanSat2000.com in conjunction with a project for the Kansas Army National Guard: ( )yes ( )no. If your answer was "yes," please describe how the unloopers were to be used by you and/or Vortex Data on the Kansas Army National Guard project.

Interrogatory Nos. 16-18 are similarly worded, but replacing "Kansas Army National Guard" with "Chessup Clinic," (no. 16), "a customer request," (no. 17), and "creating a point of sale" (no. 18). These interrogatories appear to be asking Defendant whether these statements are true, not whether he contends they are true. It is possible that Defendant truthfully does not know if the unloopers were purchased by a Vortex Data employee or agent for those particular projects or reasons. If so, his answers of "unknown" are complete to the best of his knowledge. The Court cannot compel Defendant to answer them any more completely.

Interrogatory Nos. 19 and 20 are of a different character than the previous interrogatories. Interrogatory No. 19 asks that Defendant:

---

[11]Fed. R. Civ. P. 33(c).

6

> Please state whether you contend that John Elliot purchased one or more unloopers in may 2001 from Mark McHugh d/b/a Canadian Security and Technology a/k/a CanSat2000.com with your credit card: ( )yes ( )no. If your answer was "yes," please describe all facts which form the basis for your contention and identify each person likely to have discoverable information relevant to your contention.

Interrogatory No. 20 also includes the "whether you contend" language. Defendant answered both Interrogatory Nos. 19 and 20 with "unknown." Defendant should know what he intends to assert as explanations or defenses, based on the facts as he believes them to be. The purpose of contention interrogatories is to "narrow and define issues for trial and to enable the propounding party to determine the proof required to rebut the respondent's position."[12] As Plaintiff is entitled to know what Defendant is contending in his defense so that it may be prepared to respond, the Court will compel Defendant to answer "yes" or "no" to Interrogatory Nos. 19 and 20, and to elaborate accordingly on any "yes" responses.

The Court will therefore deny Plaintiff's Motion to Compel Defendant to provide a "yes" or "no" answer to Interrogatory Nos. 15-18, as Defendant's stated response of "unknown" sufficiently answers those interrogatories. The Court will grant Plaintiff's Motion to Compel Defendant to provide a "yes" or "no" answer to Interrogatory Nos. 19 and 20, as these are contention interrogatories. Defendant is required to answer them in order to define the issues for trial and allow Plaintiff to prepare accordingly.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (doc. 65) is granted in part and denied in part as set forth herein.

---

[12] *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000).

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date of this Order, Defendant shall serve amended responses to the interrogatories and requests for production that Defendant is compelled to answer and shall produce all documents required to be produced.

**IT IS FURTHER ORDERED** that each party shall bear their own costs related to this Motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 12th day of May, 2005.

s/ David J. Waxse<br>
David J. Waxse<br>
United States Magistrate Judge

cc: All counsel and *pro se* parties