DJW/byk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DIRECTV, INC.,**

**Plaintiff,** **Civil Action**

**v.** **No. 03-2281-GTV**

**RANDALL D. PALLESEN,**

**Defendant.**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Randall D. Pallesen's Motion to Compel Discovery (doc. 63). As narrowed by his reply brief, Defendant moves the Court for an order compelling Plaintiff to provide proper interrogatory answers regarding the records custodian, and to produce a copy of Plaintiff's settlement agreement with the records custodian and copies of the memoranda of the oral communications between Defendant and Plaintiff. Defendant further requests an award of his costs, including attorney fees, incurred in making this motion. For the reasons set forth below, Defendant's Motion to Compel Discovery is granted in part and denied in part.

## I. Background Information

According to the Pretrial Order entered in this case, this lawsuit "involves the surreptitious possession and use of illegal devices and equipment designed to intercept and decrypt [Plaintiff] DIRECTV's protected satellite communications, ultimately allowing for the free viewing of television programming."[1] Plaintiff alleges that Defendant "purchased, manufactured, assembled, modified, imported,

---

[1]Pretrial Order (doc. 69), ¶ 2.

distributed, possessed and/or sold, several Pirate Access Devices."[2] Such devices were designed to repair Access Cards that were rendered unusable by illegitimate use and/or designed to manipulate Plaintiff's access cards so as to allow Defendant to view plaintiff's satellite television programming without paying for it, and are specifically designed for use with certain software further permitting the illegal programming of valid DIRECTV access devices.[3] Plaintiff further contends that Defendant "intercepted, endeavored to intercept, procured other persons to intercept, disclosed, endeavored to disclose to any other person, used, endeavored to use, or converted, DIRECTV's encrypted satellite transmission of television programming."[4] Plaintiff has "packing slips" which allegedly show that Pirate Access Devices were shipped to Defendant's company Vortex Data Systems ("Vortex").

Defendant contends that his company, Vortex, purchased devices relating to smart card technology it was exploring at the time, but not for the purpose of intercepting Plaintiff's signal or programming. He claims that Vortex was involved in computer networking and smart card technology around the time the devices were purchased with a company credit card. The devices were of no use to Vortex or its customers and were discarded. Defendant asserts that he (1) did not intercept Plaintiff's satellite signal or programming, (2) was not a DIRECTV subscriber when the devices were ordered, and (3) had no DIRECTV equipment to use in conjunction with the purchased devices to intercept Plaintiff's satellite signal.

---

[2] *Id.* at ¶ 5a.

[3] *Id.*

[4] *Id.*

Defendant served his First Interrogatories and First Request for Production upon Plaintiff on October 19, 2004.[5] Plaintiff served its responses thereto on November 18, 2004.[6] Defendant filed his Motion to Compel Discovery on December 17, 2004. The parties have since narrowed their discovery dispute to the following issues: information concerning the records custodians Plaintiff intends to call at trial to authenticate packing slips, evidence of Defendant's alleged visits to pirate websites, and oral communications between Plaintiff and Defendant.[7]

## II. Introduction and Duty to Confer

Plaintiff argues as a threshold matter that Defendant's motion should be denied because Defendant has not satisfied the duty to confer imposed by Federal Rule of Civil Procedure 37 and D. Kan. Rule 37.2. Plaintiff claims that Defendant's current motion to compel exceeds the scope of Defendant's "golden rule" letter on at least two issues and, therefore, Defendant has not satisfied his "meet and confer" duty.

The Court has reviewed the information provided by Defendant in his motion and reply brief, and finds that Defendant has made a sufficient showing that he "has made reasonable efforts to confer concerning the matter in dispute"[8] as required by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2. The Court will therefore proceed to rule on the merits of Defendant's motion.

## III. Discovery Issues Remaining in Dispute

### A. The Records Custodians

---

[5]*See* Def.'s Notice of Service of Discovery Requests (doc. 40).

[6]*See* Pl.'s Certificate of Service (doc. 51).

[7]*See* Def.'s Reply (doc. 81) and Pl.'s Sur-Reply Memo. in Opp. to D.'s Mot. to Compel Discovery (doc. 94).

[8]D. Kan. Rule 37.2.

Defendant's Interrogatory No. 12 requests that Plaintiff identify each custodian of records who can authenticate any documents that show Defendant purchased an alleged piracy device. Defendant's Interrogatory No. 13 asks Plaintiff to fully describe the terms of any civil or criminal settlement it reached with each custodian of records. Defendant's corresponding Request for Production No. 18 seeks all documents that show the terms of any civil or criminal settlement Plaintiff reached with each custodian of records. Plaintiff initially objected to these discovery requests but eventually identified the custodian of records as Scott Madvig. Plaintiff continues to object to producing the settlement agreement until the Court has signed an appropriate protective order protecting disclosure of the agreement.

**1. Address and phone number information**

Defendant requests that the Court compel Plaintiff to provide an interrogatory answer signed by an officer or agent of Plaintiff under oath identifying the records custodian who will authenticate the packing slips, including his full name, residence and business addresses and residence and business phone numbers. Plaintiff states that it has provided the last known address for the records custodian, Scott Madvig, as well as the address and phone number of Mr. Madvig's attorney.

In a similar DIRECTV case, Judge Van Bebber declined to strike the affidavit of Mr. Madvig, the custodian of records and owner and operator of a shipping facility known as Fulfillment, and rejected the defendants' argument that it should be stricken based Mr. Madvig's failure to provide a business address and telephone number and a description of his settlement agreement with Plaintiff.[9] Judge Van Bebber noted that the defendants were notified that communications with Mr. Madvig should be made through his attorney, and that the plaintiff had provided the attorney's contact information.

---

[9] *DIRECTV v. Puccinelli*, D. Kan. Civ. A. Case No. 03-2287-GTV (doc. 388).

In this case, Plaintiff has provided Defendant with Mr. Madvig's last known address, as well as the address and phone number of Mr. Madvig's attorney, who is fielding inquiries for Mr. Madvig in light of alleged threatening communications and death threats directed to Mr. Madvig as a result of his involvement in DIRECTV litigation. The Court therefore holds that Plaintiff has provided sufficient contact information for Mr. Madvig. Defendant's Motion to Compel Plaintiff to provide further contact information for Mr. Madvig is denied.

**2. Signature page**

Defendant also requests that Plaintiff produce a supplemental interrogatory answer identifying any other records custodians it intends to use to authenticate the packing slips. Defendant requests that this supplemental interrogatory answer be signed under oath by the person answering it, providing the requested contact information, including current addresses and telephone numbers. Defendant's motion indicates that Plaintiff's interrogatory answers were not signed under oath as required by Fed. R. Civ. P. 33(b), but were only signed by its local counsel, not an officer or agent of Plaintiff as required by Fed. R. Civ. P. 33(a).

Plaintiff states in its sur-reply that it has provided the signature page requested by Defendant. Based on this representation by Plaintiff, the Court therefore finds this portion of Defendant's Motion to Compel Discovery to be moot.

**3. Settlement agreement**

As sought by Defendant's Interrogatory No. 13 and Request for Production No. 18, Defendant requests that the Court compel Plaintiff to produce Mr. Madvig's settlement agreement with Plaintiff. In its sur-reply to Defendant's Motion to Compel, Plaintiff states that it has agreed to produce the settlement agreement pursuant to an appropriate protective order.

The Court notes that this identical discovery issue was discussed at length in its November 23, 2004 decision in *DIRECTV v. Puccinelli*.[10] In that case, the Court overruled Plaintiff's objections to producing the settlement agreement between Mr. Madvig and Plaintiff and ordered Plaintiff to produce the requested document within ten days of the Court's Order.[11] In *Puccinelli*, the Court was mindful of the settling parties' concerns regarding confidentiality and directed the parties to submit an agreed protective order for its approval.[12]

A Protective Order was entered in this case on February 3, 2005 (doc. 88). Plaintiff thereafter filed a Motion for Reconsideration regarding the February 3, 2005 Protective Order entered by the Court. On April 1, 2005, the Court issued its ruling on Plaintiff's Motion for Reconsideration and entered a Revised Protective Order (doc. 96). Thus, a protective order is in place, pursuant to which Plaintiff may produce the settlement agreement.

Defendant's Motion to Compel requesting that Plaintiff produce the settlement agreement between the records custodian and Plaintiff is granted. Plaintiff shall produce the settlement agreement responsive to Defendant's First Request for Production No. 18 **within ten (10) days of the date of this Memorandum and Order**. Any such production shall be made pursuant to the Revised Protective Order (doc. 96) entered on April 1, 2005.

### B. Defendant's Alleged Visits to Websites Dealing with Satellite Piracy

---

[10] 224 F.R.D. 677, 683-87 (D. Kan. 2004).

[11] *Id.* at 687.

[12] *Id.*

Defendant next requests that the Court compel Plaintiff to produce documents evidencing Defendant's pirate website visits, as requested by his First Interrogatory No. 16 and First Request No. 20. The Court again notes that it has addressed this same discovery dispute at length in its November 23, 2004 Memorandum and Order in *DIRECTV v. Puccinelli*.[13]

Plaintiff states in its Memorandum in Opposition to Defendant's Motion to Compel that it "thus far possesses no evidence of messages, posts or visits by Defendant on the Pirate's Den or other websites which it contends are dedicated to the discussion of the piracy of satellite programming."[14] In its reply brief, Defendant requests that Plaintiff provide an answer to Interrogatory No. 16 to this effect. Plaintiff states that it provided a signature page for its answer to Interrogatory No. 16 on January 12, 2005.

Based upon Plaintiff's representations that it "thus far possesses no evidence of messages, posts or visits by Defendant on the Pirate's Den or other websites which it contends are dedicated to the discussion of the piracy of satellite programming" and that it has provided the requested signature page, the Court finds this portion of Defendant's Motion to Compel Discovery to be moot.

**C. Communications Between Parties**

Defendant's Interrogatory No. 19 and related Request for Production No. 24 seek discovery of all oral or written communications between Plaintiff and Defendant. In response, Plaintiff produced two pieces of written communication between the parties, but objected to producing documents relating to oral communications between the parties on the grounds that the documents are protected work product. During the meet and confer process, Plaintiff disclosed to Defendant the substance of the parties' oral

---

[13] *Id.*

[14] Pl.'s Mem. in Opp'n to Def. Randall D. Pallesen's Mot. to Compel Disc. (doc. 77) at 10.

communications but continues to object to producing counsel's notes and memoranda regarding the oral communications between the parties.

**1. Interrogatory No. 19**

Defendant's Interrogatory No. 19 asks Plaintiff to "[f]ully describe all oral or written communications between YOU and DEFENDANT including the date of the communication and the contents of the communication." Plaintiff answered the interrogatory as follows:

> DIRECTV objects to this request as unduly burdensome as it seeks information readily available to defendant and work product immunity and/or attorney client privilege grounds.
>
> Subject to and without waiving the objections and limitations, Plaintiff will produce any written correspondence with Defendant.

After Defendant filed his Motion to Compel Discovery, Plaintiff reasserted its work product objections to producing documents evidencing the parties' oral communications and provided the following supplemental answer to Defendant's Interrogatory No. 19:

> DIRECTV objects to this request as unduly burdensome as it seeks information readily available to defendant and work product immunity and/or attorney client privilege grounds.
>
> Subject to and without waiving the foregoing objections and limitations, Plaintiff will produce all known written correspondence with Defendant. Also, on September 17, 2002, an attorney for Plaintiff spoke with Defendant by telephone in an unrecorded conversation. Defendant admitted that the address and e-mail on the packing slips were accurate. Defendant further explained that his company sets up and sells access to servers for other companies. He admitted that, while his company has looked for smart card technology historically, this purchases would not have been for that. He remembered that the Company purchased two programmers on that occasion. He indicated that he would look into who might have done this, and that his company is small, that he has very few employees, and that he would try to track the purchase. Furthermore, on June 11, 2003, after service of the Summons and Complaint, an attorney for Plaintiff spoke with Defendant by telephone in an unrecorded conversation. Counsel advised Defendant that he needed to file an answer in the lawsuit, and counsel raised the issue of settlement. Defendant

> showed no interest in settlement, and stated, "This whole thing is ridiculous," The attorney's notes from the conversation are work product and have not been produced.[15]

Based upon the Court's review of Plaintiff's supplemental answer to Defendant's Interrogatory No. 19, the Court finds that Plaintiff has sufficiently answered the interrogatory. Defendant's Motion to Compel Plaintiff to provide further responses to Interrogatory No. 19 is denied.

**2. Request for Production No. 24**

Defendant's Request for Production No. 24 seeks all documents relating to any oral or written communications between Plaintiff and Defendant. Plaintiff asserted its work product objection in its response to Request for Production No. 24.:

> DIRECTV objects to this request as it necessarily seeks to invade the work-product, investigative and consulting expert privileges by seeking information or documents which have been developed by DIRECTV or its counsel or their agents in anticipation of litigation and is an invasion upon the trial strategy and the thought processes of DIRECTV's counsel. DIRECTV further objects to this request as it necessarily seeks information protected by the attorney/client privilege. DIRECTV further objects to this request as it necessarily seeks to obtain information contained in confidential communications relating to the claims made for the basis of this lawsuit which may have been made between or among DIRECTV and its agents, satellite programming, in connection with the prosecution or investigation of claims arising out of defendant's illegal conduct.
>
> Subject to and without waiving the foregoing objections, see documents produced with plaintiff's initial disclosures, and plaintiff will produce any pre-suit correspondence with defendant.[16]

In his Motion to Compel Discovery, Defendant argues that Plaintiff has not laid the proper groundwork to withhold documents based on a privilege or work product immunity as required by *Sonnino*

---

[15]Pl.'s Sur-Reply Memo. in Opp'n. to Def.'s Mot. to Compel Disc. (doc. 94), at p. 5.

[16]*Id.* at 5-6.

*v. University of Kansas Hospital Authority.*[17] Defendant, however, does not explain how Plaintiff has not laid the proper groundwork for its work product objection in this case.

It is well established that the party asserting a privilege or work product protection has the burden of demonstrating that the privilege/protection applies.[18] To carry that burden, the party must make a "clear showing" that the asserted privilege/protection applies.[19] Under Federal Rule of Civil Procedure 26(b)(5), a party that withholds documents based on privilege or work product protection, must "make the claim expressly and ... describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

Based on Rule 26(b)(5), this Court has held that the party asserting the privilege/protection must "describe in detail" the documents or information sought to be protected and provide "precise reasons" for the objection to discovery.[20] The information provided must be sufficient to enable the court to determine whether each element of the asserted privilege or protection is satisfied.[21] Moreover, the objecting party

---

[17] 221 F.R.D. 661 (D. Kan. 2004).

[18] *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *Boyer v. Bd. of County Comm'rs*, 162 F.R.D. 687, 688 (D. Kan. 1995).

[19] *McCoo*, 192 F.R.D. at 680.

[20] *McCoo,* 192 F.R.D. at 680; *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994).

[21] *McCoo,* 192 F.R.D. at 680; *Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D. Kan. 1995)

has the burden to establish the existence of the privilege/immunity prior to the time that the Court is asked to determine its sufficiency and applicability.[22]

As the party asserting work product protection, Plaintiff has the burden of establishing that the work product doctrine applies.[23] To carry that burden, Plaintiff must make a "clear showing" that the asserted objection applies.[24] It must show that "(1) the materials sought to be protected are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party."[25]

Applying these standards, the Court finds that Plaintiff has sufficiently established that the work product doctrine applies to the documents requested by Defendant's Request for Production No. 24. Plaintiff has established that the materials sought to be protected are documents or tangible things, they were prepared in anticipation of litigation or for trial, and they were prepared by or for a party or a representative of that party. The first element (a document or tangible thing) has been established because the discovery concerns written notes of the parties conversations and memoranda created thereafter. The second element (prepared in anticipation of litigation) has been satisfied by Plaintiff's showing that the notes were from conversations that occurred close to the time Plaintiff filed this lawsuit against Defendant. The third element (by or for a party or by or for a party's representative) is established because the notes were

---

[22] *Rural Water Sys. Ins. Benefit Trust v. Group Ins. Adm'rs, Inc.*, 160 F.R.D. 605, 608 (D. Kan. 1995).

[23] *Disidore v. Mail Contractors of Am., Inc.*, 196 F.R.D. 410, 413 (D. Kan. 2000).

[24] *Id.*

[25] *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000).

taken and the memoranda were created by Plaintiff's counsel. The Court therefore finds that Plaintiff has met its burden of establishing that the work product doctrine applies to these documents.

Even though Plaintiff has established that the documents sought by Defendant's Request No. 24 are attorney work product, certain portions of the documents may be discoverable under the Rule 26(b)(3) exception for statements previously made by a party. Rule 26(b)(3) provides the following exception:

> A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. . . . *For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded*.[26]

According to Plaintiff's supplemental response to Defendant's Interrogatory No. 19, an attorney for Plaintiff spoke with Defendant by telephone on two occasions, on September 17, 2002 and June 11, 2003. Plaintiff states that neither conversation was recorded.

Although Plaintiff states that neither conversation was recorded, Plaintiff does not indicate whether the attorneys who spoke with Defendant otherwise memorialized or recorded Defendant's oral statements during those conversations. If so, those "recordings" of Defendant's oral statements, or a transcription thereof, may qualify under the Fed. R. Civ. P. 26(b)(3) exception to the protection for work product materials. The Court will therefore sustain Plaintiff's work product objections to Defendant's Request for Production No. 24 with the exception that Plaintiff shall produce any portions of counsel's notes that

---

[26]Fed. R. Civ. P. 26(b)(3) (emphasis added).

recorded Defendant's oral statements contemporaneously, or transcriptions that are a substantially verbatim recital of Defendant's oral statements.

Within ten (10) days of the date of this Memorandum and Order, Plaintiff shall produce any notes or recordings made contemporaneously of Defendant's oral statements during conversations with Plaintiff's attorneys, or a transcription that is a substantially verbatim recital of Defendant's oral statements. Plaintiff, however, shall be permitted to redact any attorney notes or comments that would reveal the attorney's mental processes in evaluating the communications. If Plaintiff does not possess any notes, recordings, or transcriptions memorializing Defendant's oral statements, as contemplated by Fed. R. Civ. P. 26(b)(3), it shall indicate this fact to Defendant.

## IV. Fees and Expenses Incurred in Relation to this Motion to Compel

Pursuant to Federal Rule of Civil Procedure 37(a)(4)(C), when a court grants in part and denies in part a motion to compel, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[27] Here, the Court finds it appropriate and just for each party to bear its/his own expenses and fees incurred in connection with the motion to compel.

**IT IS THEREFORE ORDERED** that Defendant Randall D. Pallesen's Motion to Compel Discovery (doc. 63) is granted in part and denied in part as set forth herein.

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date of this Memorandum and Order, Plaintiff shall serve amended responses to the interrogatories and requests for production that Plaintiff is compelled to answer and shall produce all documents required to be produced.

---

[27] Fed. R. Civ. P. 37(a)(4)(C).

**IT IS FURTHER ORDERED** that each party shall bear their own fees and expenses incurred in relation to this Motion to Compel Discovery.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 13th day of May, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties